Skip to Main Content  Logout  My Account  Search Menu  New Civil District Search  Refine Search  Back          Location : All District Civil Courts   Images Help

## REGISTER OF ACTIONS
### CASE NO. DC-15-03600

| | | |
|---|---|---|
| MARIA WHITE vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | § § § § § | Case Type: **CNTR CNSMR COM DEBT**<br>Date Filed: **03/30/2015**<br>Location: **101st District Court** |

---

### PARTY INFORMATION

**Lead Attorneys**

DEFENDANT   ALLSTATE VEHICLE AND PROPERTY
            INSURANCE COMPANY

PLAINTIFF   WHITE, MARIA                                    RICHARD D DALY
                                                            *Retained*
                                                            713-655-1405(W)

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 03/30/2015 | **NEW CASE FILED (OCA) - CIVIL** |
| 03/30/2015 | **ORIGINAL PETITION** |
| | *Pltf Original Petition* |
| 03/30/2015 | **ISSUE CITATION** |
| 04/08/2015 | **CITATION** |
| | *1 CERT MAIL/DC****9214-8901-0661-5400-0055-9717-26* |
| | ALLSTATE VEHICLE AND PROPERTY |
| | INSURANCE COMPANY           Served        04/20/2015 |
| | Returned      04/22/2015 |
| 05/05/2015 | **NOTICE OF TRIAL** |
| 05/05/2015 | **ORDER - MEDIATION** |
| | *WILL PRYOR* |
| | Vol./Book 456E, Page 400,  2 pages |
| 05/05/2015 | **SCHEDULING ORDER** |
| | *UNIFORM* |
| | Vol./Book 456E, Page 401,  2 pages |
| 05/07/2015 | **ORIGINAL ANSWER - GENERAL DENIAL** |
| | *Def's Original Answer and Jury Demand* |
| 02/09/2016 | **Non Jury Trial**  (9:00 AM) (Judicial Officer WILLIAMS, STACI) |
| | *envelope 5160758 mailed def and med* |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **DEFENDANT** ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | | |
| | Total Financial Assessment | | 30.00 |
| | Total Payments and Credits | | 30.00 |
| | **Balance Due as of 05/18/2015** | | **0.00** |
| 05/12/2015 | Transaction Assessment | | 30.00 |
| 05/12/2015 | CREDIT CARD - TEXFILE (DC)   Receipt # 27340-2015-DCLK | ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | (30.00) |

| | | | |
|---|---|---|---|
| | **PLAINTIFF** WHITE, MARIA | | |
| | Total Financial Assessment | | 380.00 |
| | Total Payments and Credits | | 380.00 |
| | **Balance Due as of 05/18/2015** | | **0.00** |
| 04/01/2015 | Transaction Assessment | | 380.00 |
| 04/01/2015 | CREDIT CARD - TEXFILE (DC)   Receipt # 18957-2015-DCLK | White, Maria | (380.00) |


EXHIBIT
B

FILED
DALLAS COUNTY
3/30/2015 11:46:29 AM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

1 CT-CERT-MAIL

CAUSE NO. DC-15-03600

| | | |
|---|---|---|
| MARIA WHITE | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY | § | E-101ST JUDICIAL DISTRICT |
| | § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Maria White ("Ms. White"), Plaintiff herein, files this Original Petition against Defendant

Allstate Vehicle and Property Insurance Company ("Allstate") and, in support of her causes of

action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.     Maria White is a Texas resident who resides in Dallas County, Texas.

2.     Allstate is an insurance company doing business in the State of Texas which may

be served through its registered agent for service of process in the State of Texas, CT

Corporation System, via certified mail at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

### II.
### DISCOVERY

3.     This case is intended to be governed by Discovery Level 2.

### III.
### CLAIM FOR RELIEF

4.     The damages sought are within the jurisdictional limits of this court. Plaintiff

currently seeks monetary relief over $100,000 but not more than $200,000, including damages of



EXHIBIT
b-1

any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendant refuses to cooperate in discovery, makes frivolous and unwarranted objections, files needless motions, quashes depositions and discovery requests without a reasonable basis, asserts unjustified or false affirmative defenses, makes unwarranted special exceptions, hires individuals they claim to be "experts" who give false opinions or testimony, produces witnesses who commit perjury, conducts excessive discovery, or otherwise needlessly delays litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000.

## IV.
## JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.      Venue is proper in Dallas County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County. In particular, the loss at issue occurred in Dallas County.

## V.
## FACTUAL BACKGROUND

7.      Ms. White is a named insured under a property insurance policy issued by Allstate.

8.      On or about October 2, 2014 a storm hit the Grand Prairie, Texas area, damaging Ms. White's house and other property.  Ms. White subsequently filed a claim on her insurance policy.

9.      Defendant improperly denied and/or underpaid the claim.

2

10. The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11. This unreasonable investigation led to the underpayment of Plaintiff's claim.

12. Moreover, Allstate performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

13. Each of the foregoing paragraphs is incorporated by reference in the following:

A. **Breach of Contract**

14. Allstate had a contract of insurance with Plaintiff. Allstate breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

B. **Prompt Payment of Claims Statute**

15. The failure of Allstate to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

16. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

C. **Bad Faith/DTPA**

17. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18. Defendant violated § 541.051 of the Texas Insurance Code by:

    (1) making statements misrepresenting the terms and/or benefits of the policy.

3

19.     Defendant violated § 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20.     Defendant violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

21.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

4

22.    Defendant has violated the Texas Deceptive Trade Practices Act in the following respects:

(1)    Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)    Allstate failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)    Allstate, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Allstate took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

23.    Defendant knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.    Attorneys' Fees**

24.    Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

25.    Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because she is represented by an attorney,

presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

26.      Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

27.      All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

28.      Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

29.      You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Maria White prays that, upon final hearing of the case, she recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Ms. White be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Ms. White may show herself to be justly entitled.

6

Respectfully submitted,

DALY & BLACK, P.C.

By:___/s/ Richard D. Daly_____
   Richard D. Daly
   TBA No. 00796429
   rdaly@dalyblack.com
   John Scott Black
   TBA No. 24012292
   jblack@dalyblack.com
   Ana M. Ene
   TBA No. 24076368
   aene@dalyblack.com
   William X. King
   TBA No. 24072496
   wking@dalyblack.com
   2211 Norfolk St., Suite 800
   Houston, Texas 77098
   713.655.1405—Telephone
   713.655.1587—Fax

ATTORNEYS FOR PLAINTIFF
MARIA WHITE

7

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED   MARIA WHITE VS. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
_____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Richard D. Daly  **Email:** rdaly@dalyblack.com | Plaintiff(s)/Petitioner(s): MARIA WHITE | ☒ Attorney for Plaintiff/Petitioner ☐ *Pro Se* Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| **Address:** 2211 Norfolk St, Ste 800  **Telephone:** 713.655.1405 | | Additional Parties in Child Support Case: |
| **City/State/Zip:** Houston, TX 77098  **Fax:** 713.655.1587 | Defendant(s)/Respondent(s): ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | Custodial Parent: Non-Custodial Parent: |
| **Signature:** /s/ Richard D. Daly  **State Bar No:** 00796429 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☒ Consumer/DTPA ☐ Debt/Contract ☐ Fraud/Misrepresentation ☐ Other Debt/Contract: | ☐ Assault/Battery ☐ Construction ☐ Defamation *Malpractice* ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation ☐ Partition ☐ Quiet Title ☐ Trespass to Try Title ☐ Other Property: | ☐ Annulment ☐ Declare Marriage Void *Divorce* ☐ With Children ☐ No Children | ☐ Enforcement ☐ Modification—Custody ☐ Modification—Other **Title IV-D** ☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☐ Support Order |
| *Foreclosure* ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☐ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract: | ☐ Motor Vehicle Accident ☐ Premises *Product Liability* ☐ Asbestos/Silica ☐ Other Product Liability List Product: ☐ Other Injury or Damage: | **Related to Criminal Matters** ☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus— Pre-indictment ☐ Other: | **Other Family Law** ☐ Enforce Foreign Judgment ☐ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other: | **Parent-Child Relationship** ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Parentage/Paternity ☐ Termination of Parental Rights ☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☐ Other Employment: | ☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property | ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | *Probate/Wills/Intestate Administration* ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court ☐ Arbitration-related ☐ Attachment ☐ Bill of Review ☐ Certiorari ☐ Class Action | ☐ Declaratory Judgment ☐ Garnishment ☐ Interpleader ☐ License ☐ Mandamus ☐ Post-judgment | ☐ Prejudgment Remedy ☐ Protective Order ☐ Receiver ☐ Sequestration ☐ Temporary Restraining Order/Injunction ☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

EXHIBIT B-2

Rev 2/13

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **101st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MARIA WHITE**

Filed in said Court **30th day of March, 2015** against

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

For Suit, said suit being numbered **DC-15-03600,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition , a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 8th day of April, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.

By _Dianne Coffey_
DIANNE COFFEY





CERT MAIL

# CITATION

## DC-15-03600

**MARIA WHITE**
vs.
**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

ISSUED THIS
**8th day of April, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DIANNE COFFEY, Deputy

**Attorney for Plaintiff**
RICHARD D DALY
RICHARD DALY LAW FIRM
2211 NORFOLK ST
SUITE 800
HOUSTON            TX 77098
713-655-1405

# OFFICER'S RETURN

Case No. : DC-15-03600

Court No. 101st District Court

Style: MARIA WHITE

vs.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, **BY US CERTIFIED MAIL RECEIPT REQUESTED**, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same

date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

## OFFICER'S RETURN

FILED
2015 APR 22 AM 7: 46
FELICIA PITRE
DISTRICT CLERK
DALLAS CO TEXAS
DEPUTY

Case No. : DC-15-03600

Court No.101st District Court

Style: MARIA WHITE

vs.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

Came to hand on the _8th_ day of _april_ 20 _15_, at _10:00_ o'clock _A_ M. Executed at _1999 Bryan St Ste 900_ _Dallas tx_ within the County of _____ at _____ o'clock ____ .M. on the _20th_ day of _april_ 20 _15_, by delivering to the within named _Allstate Vehicle and Property Insurance Company By serving its Reg Agt_ _Ct Corporation System_ —

each, **BY US CERTIFIED MAIL RECEIPT REQUESTED**, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation     $ _76.00_     _Signed By Beatrice Barranten_
For mileage              $ _____     of _____ County,
For Notary               $ _____     By _Deanne Coffey_ Deputy

FELICIA PITRE
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____
Notary Public_____ County


EXHIBIT
B-4

9214-8901-0661-5400-0055-9717-26

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **101st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MARIA WHITE**

Filed in said Court  **30th day of March, 2015** against

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

For Suit, said suit being numbered <u>DC-15-03600,</u> the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition , a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 8th day of April, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.

By _Dianne Coffey_
DIANNE COFFEY                      Deputy

---

CERT MAIL

# CITATION

## DC-15-03600

**MARIA WHITE**
vs.
~~ALLSTATE VEHICLE AND~~
PROPERTY INSURANCE
COMPANY

ISSUED THIS
**8th day of April, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DIANNE COFFEY, Deputy

**Attorney for Plaintiff**
RICHARD D DALY
RICHARD DALY LAW FIRM
2211 NORFOLK ST
SUITE 800
HOUSTON      TX 77098
713-655-1405



DALLAS COUNTY CONSTABLE
FEES          FEES NOT
PAID              PAID

**UNITED STATES**
**POSTAL SERVICE.**

Date: April 20, 2015

MAIL MAIL:

The following is in response to your April 20, 2015 request for delivery information on your Certified Mail™/RRE item number 92148901066154000055971726. The delivery record shows that this item was delivered on April 20, 2015 at 11:02 am in DALLAS, TX 75201. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

DC1503600
CT CORPORATION SYSTEM, REG AGT
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
1999 BRYAN ST STE 900
DALLAS TX 75201-3140

FELICIA PITRE
DISTRICT CLERK
GEORGE L ALLEN, SR. COURTS BLDG.
600 COMMERCE ST STE 103
DALLAS, TX 75202-4689



**Return Receipt (Electronic)**    9214 8901 0661 5400 0055 9717 26

DC1503600
CT CORPORATION SYSTEM, REG AGT
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
1999 BRYAN ST STE 900
DALLAS, TX 75201-3140

......................................... CUT / FOLD HERE .........................................

......................................... 6"X9" ENVELOPE .........................................
CUT / FOLD HERE

......................................... CUT / FOLD HERE .........................................



101ST DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS  75202-4604

May 05, 2015

RICHARD D DALY
RICHARD DALY LAW FIRM
2211 NORFOLK ST
SUITE 800
HOUSTON          TX  77098

Re:    DC-15-03600
       MARIA WHITE  vs.  ALLSTATE VEHICLE AND PROPERTY INSURANCE
COMPANY

ALL COUNSEL OF RECORD/PRO SE LITIGANTS:

PLEASE TAKE NOTE OF THE FOLLOWING SETTINGS:

           Non Jury Trial:        02/09/2016 @ 9:00 AM

Trial announcements **MUST BE MADE** in accordance with Rule 3.02, Local Rules of
the Civil Court of Dallas County, Texas.

When **NO** announcement is made for defendant, defendant will be presumed ready.  If
**ANY** plaintiff fails to announce or to appear at trial, the case will be dismissed for want
of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

Completion of discovery, presentation of pretrial motions, and other matters relating to
the preparation for trial, are controlled by the Scheduling Order in this case or by the
Texas Rules of Civil Procedure, in the event no Scheduling Order has been signed by the
Court.

Please forward a copy of this notice to counsel of record for each party and all pro se
parties by a method approved in Texas Rules of Civil Procedure 21a.

SINCERELY,

Honorable STACI WILLIAMS
JUDGE, 101ST DISTRICT COURT
DALLAS COUNTY, TEXAS

EXHIBIT
B-5

pc:   ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY; RICHARD D DALY

FILED
DALLAS COUNTY
5/5/2015 3:23:16 PM
FELICIA PITRE
DISTRICT CLERK



## 101ST DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS  75202-4604

May 05, 2015

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX  75201

Re:   DC-15-03600
      MARIA WHITE  vs.  ALLSTATE VEHICLE AND PROPERTY INSURANCE
COMPANY

ALL COUNSEL OF RECORD/PRO SE LITIGANTS:

PLEASE TAKE NOTE OF THE FOLLOWING SETTINGS:

            Non Jury Trial:      02/09/2016 @ 9:00 AM

Trial announcements **MUST BE MADE** in accordance with Rule 3.02, Local Rules of the Civil Court of Dallas County, Texas.

When **NO** announcement is made for defendant, defendant will be presumed ready.  If **ANY** plaintiff fails to announce or to appear at trial, the case will be dismissed for want of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

Completion of discovery, presentation of pretrial motions, and other matters relating to the preparation for trial, are controlled by the Scheduling Order in this case or by the Texas Rules of Civil Procedure, in the event no Scheduling Order has been signed by the Court.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved in Texas Rules of Civil Procedure 21a.

SINCERELY,

Honorable STACI WILLIAMS
JUDGE, 101ST DISTRICT COURT
DALLAS COUNTY, TEXAS

pc:  ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY; RICHARD D DALY

CAUSE No. <u>DC-15-03600</u>

| | |
|---|---|
| MARIA WHITE | IN THE DISTRICT COURT |
| vs. | 101st JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | DALLAS COUNTY, TEXAS |

## UNIFORM SCHEDULING ORDER

     In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure, the Court makes the following order to control discovery and the schedule of this cause:

     1.    This case will be ready and is set for **NON JURY TRIAL** on **FEBRUARY 09, 2016** at **9:00 AM** ("this Trial Setting"). Reset or continuance of this Trial Setting will not alter any deadlines established in this Order or established by the Texas Rules of Civil Procedure, unless otherwise provided by order.

     2.    Unless otherwise ordered, discovery in this case will be controlled by Rule 190.3 (**LEVEL 2**) of the Texas Rules of Civil Procedure. Except by agreement of the party, leave of court, or where expressly authorized by the Texas Rules of Civil Procedure, no party may obtain discovery of information subject to disclosure under Rule 194 by any other form of discovery.

     3.    Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions must be filed no later than seven (7) days after the close of the discovery period, or such objection is waived. Any motion to compel responses to discovery (other than relating to factual matters arising after the end of the discovery period) must be filed no later than seven (7) days after the close of the discovery period or such complaint is waived, except for the sanction of exclusion under Rule 193.6.

     4.    Any amended pleadings asserting new causes of action or affirmative defenses must be filed no later than thirty (30) days before the end of the discovery period and any other amended pleadings must be filed no later than seven (7) days after the end of the discovery period. Amended pleadings responsive to timely filed pleadings under this Order may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond. Except with leave of court, TRCP 166a motions must be heard no later than thirty (30) days before trial.

     5.    No additional parties may be joined more than five (5) months after the commencement of this case except on motion for leave showing good cause. This paragraph does not otherwise alter the requirements of Rule 38. The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party.

     6.    The parties shall mediate this case no later than sixty (60) days before this Trial Setting, unless otherwise provided by court order. Mediation will be conducted in accordance with the standing Dallas County Civil District Court order regarding mediation, which is available from the Dallas County ADR Coordinator. All parties shall contact the mediator to arrange the mediation in accordance with this Court's MEDIATION ORDER. **PRYOR, WILL** is hereby appointed mediator. The parties must advise both the court and the aforementioned mediator in writing of any agreed mediator within fourteen (14) days from the date this Order.



EXHIBIT

B-6

Any mediator substitution requested beyond such time may only be made by motion for submission to the court for good cause and under extraordinary circumstances.  Unless otherwise ordered by the court, the parties shall select a mediator by agreement; if the parties are unable to agree on a mediator, they shall advise the court within fourteen (14) days of the date of this order; the court will appoint a mediator.

       7.       Fourteen (14) days before this Trial Setting, the parties shall exchange a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery; over-designation is strongly discouraged and may be sanctioned.  Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation.  Rule 193.7 applies to this designation.  On or before ten (10) days before this Trial Setting, the attorneys in charge for all parties shall meet in person to confer on stipulations regarding the materials to be submitted to the Court under this paragraph and attempt to maximize agreement on such matters.  By 4:00 p.m. on the Thursday before this Trial Setting, the parties shall file with the Court the materials stated in Rule 166(e)-(l), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine.  Failure to file such materials may result in dismissal for want of prosecution or other appropriate sanction.

       8.       All Daubert challenges, all witness challenges, and all dispositive motions, including Motions for Summary Judgment, shall be set and heard at least 30 days prior to this trial setting or they are waived.

       Plaintiff/Plaintiff's counsel shall serve a copy of this Order on any currently named defendant(s) answering after this date.

       **SIGNED** on _5/5/2015_.

                                                   _____

                                                Honorable STACI WILLIAMS, Presiding Judge

pc:      WILL PRYOR; ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY; RICHARD D DALY

**ADDITIONALLY, YOU MAY ACCESS THE COURT'S FILE, BY GOING TO:**
**http://courts.dallascounty.org/default.aspx**

CAUSE NO. <u>DC-15-03600</u>

| | |
|---|---|
| **MARIA WHITE** | **IN THE DISTRICT COURT** |
| vs. | |
| **ALLSTATE VEHICLE AND** | **101st JUDICIAL DISTRICT** |
| **PROPERTY INSURANCE COMPANY** | **DALLAS COUNTY, TEXAS** |

### MEDIATION ORDER

This case is appropriate for mediation pursuant to Section 154.001 et seq. of the Texas Civil Practice and Remedies Code. **WILL PRYOR,** at TWO LINCOLN CENTRE    5420 LBJ FREEWAY SUITE 626   DALLAS TX 75240, is appointed mediator in the above case and all counsel are directed to contact mediator to arrange the logistics of mediation within seven (7) days from the date of this Order. Any objection to this Order must be filed and served upon all parties and the mediator, and a hearing must be requested, within fourteen (14) days from the date of this Order; an objection that is neither timely filed, nor ruled upon before the scheduled mediation may be waived.

Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of the mediator. Mediation is private, confidential and privileged from process and discovery. After mediation, the court will be advised by the mediator, parties, and counsel, only that the case did or did not settle. The mediator shall not be a witness nor may the mediator's records be subpoenaed or used as evidence. No subpoenas, citations, writs, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving or attending any mediation session.

The mediator will negotiate a reasonable fee with the parties which shall be divided and borne equally by the parties unless agreed otherwise, paid by the parties directly to the mediator, and taxed as costs. If the parties do not agree upon the fee requested by the mediator, the court will set a reasonable fee, which shall be taxed as costs. Each party and their counsel will be bound by the rules for mediation printed on the reverse hereof, and shall complete the information forms as are furnished by the mediator.

Named parties shall be present during the entire mediation process and each corporate party must be represented by an executive officer with authority to negotiate a settlement. Any mediated settlement involving a minor's interest must be either signed off by the ad litem or submitted to the Court for approval. Counsel, the parties and the mediator shall agree upon a mediation date within 5 days from the date of this order. If no date can be agreed upon within the five (5) day period, then the mediator shall select a date for the mediation and all parties shall appear as directed by the mediator.

The date scheduled by the mediator is incorporated into this Order as the date upon which the mediation session shall occur. In any event, the mediation shall be conducted no later than **SIXTY (60) DAYS**, before the Trial Setting, which is 02/09/2016.

Failure or refusal to attend the mediation as scheduled may result in imposition of sanctions, as permitted by law, which may include dismissal or default judgment. Failure to mediate will not be considered cause for continuance of the trial date. Referral to mediation is neither a substitute for, nor a cause for delay of trial, and the case will be tried if not settled.

The mediator is to mail a report regarding the outcome of the mediation session to the Court, with a copy to the ADR Coordinator, immediately after the mediation session.

Counsel shall cooperate with the Court and the mediator in the initiation and conduct of the mediation. "Supreme Court of Texas Miscellaneous Docket No. 05-9107, June 13, 2005."

**SIGNED** on 5/5/2015

STACI WILLIAMS, Presiding Judge

pc:    WILL PRYOR; ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY; RICHARD D DALY

**EXHIBIT**
**B-7**

RULES FOR MEDIATION

**1. Definition of Mediation.** Mediation is a process under which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement or understanding among them. The mediator may suggest ways of resolving the dispute, but may not impose his own judgment on the issues for that of the parties.

**2. Conditions Precedent to Serving a Mediator.** The mediator shall not serve as a mediator in any dispute in which he has any financial or personal interest in the result of the mediation. Prior to accepting an appointment, the mediator shall disclose any circumstances likely to create a presumption of bias or prevent a prompt meeting with the parties.

**3. Authority of Mediator.** The mediator does not have the authority to decide any issue for the parties, but will attempt to facilitate the voluntary resolution of the dispute by the parties. The mediator is authorized to conduct joint and separate meetings with the parties and to offer suggestions to assist the parties achieve settlement. If necessary, the mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice, arrangements for obtaining such advice shall be made by the mediator of the parties, as the mediator shall determine.

**4. Parties Responsible for Negotiating Their Own Settlement.** The parties understand that the mediator will not and cannot impose a settlement in their case. The mediator, as an advocate for settlement, will use every effort to facilitate the negotiations of the parties. The mediator does not warrant or represent that settlement will result from the mediation process.

**5. Authority of Representatives.** Party representatives must have authority to settle and all persons necessary to the decision to settle shall be present. The names and addresses of such persons shall be communicated in writing to all parties and the mediator.

**6. Time and Place of Mediation.** The mediator shall fix the time of each mediation session. The mediation shall be held at the office of mediator, or at any other convenient location agreeable to the mediator and the parties, as the mediator shall determine.

**7. Identification of Matters in Dispute.** Prior to the first scheduled mediation session, each party shall provide the mediator and all attorneys of record with an information sheet and request for mediation on the form provided by the mediator setting forth its position with regard to the issues that need to be resolved. At or before the first session, the parties will be expected to produce all information reasonably required for the mediator to understand the issues presented. The mediator may require any party to supplement such information.

**8. Privacy.** Mediation sessions are private. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

**9. Confidentiality.** Confidential information disclosed to a mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the mediator. All records, reports or other documents received by a mediator while serving in that capacity shall be confidential. The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum except as may be provided in Section 154.073 of the Texas Civil Practice and Remedies Code. Any party that violates this order may be subject to the imposition of sanctions as may be permitted by law. The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial or other proceeding: A) Views expressed or suggestions made by another party with respect to a possible settlement of the dispute; B) Admissions made by another party in the course of the mediation proceedings; C) Proposals made or views expressed by the mediator; or D) The fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

**10. No Stenographic Record.** There shall be no stenographic record of the mediation process and no person shall tape record any portion of the mediation session.

**11. No Service of Process At or Near The Site of The Mediation Session.** No Subpoenas, summons, complaints, citations, writs or other process may be served upon any person at or near the site of any mediation session upon any person entering, attending or leaving the session.

**12. Termination of Mediation.** The mediation shall be terminated: A) By the execution of a settlement agreement by the parties; B) By declaration of the mediator to the effect that further efforts at mediation are no longer worthwhile; or C) After the completion of one full mediation session, by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

**13. Interpretation and Application of Rules.** The mediator shall interpret and apply these rules.

**14. Fees and Expenses.** The mediators daily fee, if agreed upon prior to mediation, shall be paid in advance of each mediation day. The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the mediation, including fees and expenses of the mediator, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the mediator, shall be borne equally by the parties unless they agree otherwise.

**ADDITIONALLY, YOU MAY ACCESS THE COURT'S FILE, BY GOING TO:**
**http://courts.dallascounty.org/default.aspx**

In The District Court
of Dallas County, Texas
101st District Court

May 05, 2015

WILL PRYOR
TWO LINCOLN CENTRE
5420 LBJ FREEWAY, SUITE 626
DALLAS, TX 75240

IN RE:  DC-15-03600
      MARIA WHITE  vs.  ALLSTATE VEHICLE AND PROPERTY INSURANCE
COMPANY

PLEASE SEE ATTACHMENT(S):

Cc:
ALLSTATE VEHICLE AND PROPERTY INSURANCE
COMPANY
BY SERVING ITS REGISTERED AGENT CT CORPORATION
SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201;

RICHARD D DALY
RICHARD DALY LAW FIRM
2211 NORFOLK ST
SUITE 800
HOUSTON      TX 77098


EXHIBIT
B-8



101ST DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS  75202-4604

May 05, 2015

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX  75201

Re:   DC-15-03600
        MARIA WHITE  vs.  ALLSTATE VEHICLE AND PROPERTY INSURANCE
COMPANY

ALL COUNSEL OF RECORD/PRO SE LITIGANTS:

PLEASE TAKE NOTE OF THE FOLLOWING SETTINGS:

        Non Jury Trial:        02/09/2016 @ 9:00 AM

Trial announcements **MUST BE MADE** in accordance with Rule 3.02, Local Rules of
the Civil Court of Dallas County, Texas.

When **NO** announcement is made for defendant, defendant will be presumed ready.  If
**ANY** plaintiff fails to announce or to appear at trial, the case will be dismissed for want
of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

Completion of discovery, presentation of pretrial motions, and other matters relating to
the preparation for trial, are controlled by the Scheduling Order in this case or by the
Texas Rules of Civil Procedure, in the event no Scheduling Order has been signed by the
Court.

Please forward a copy of this notice to counsel of record for each party and all pro se
parties by a method approved in Texas Rules of Civil Procedure 21a.

SINCERELY,

Honorable STACI WILLIAMS
JUDGE, 101ST DISTRICT COURT
DALLAS COUNTY, TEXAS

pc:  ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY; RICHARD D DALY



### 101ST DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS  75202-4604

May 05, 2015

RICHARD D DALY
RICHARD DALY LAW FIRM
2211 NORFOLK ST
SUITE 800
HOUSTON          TX  77098

Re:   DC-15-03600
          MARIA WHITE  vs.  ALLSTATE VEHICLE AND PROPERTY INSURANCE
COMPANY

ALL COUNSEL OF RECORD/PRO SE LITIGANTS:

PLEASE TAKE NOTE OF THE FOLLOWING SETTINGS:

          Non Jury Trial:        02/09/2016 @ 9:00 AM

Trial announcements **MUST BE MADE** in accordance with Rule 3.02, Local Rules of the Civil Court of Dallas County, Texas.

When **NO** announcement is made for defendant, defendant will be presumed ready.  If **ANY** plaintiff fails to announce or to appear at trial, the case will be dismissed for want of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

Completion of discovery, presentation of pretrial motions, and other matters relating to the preparation for trial, are controlled by the Scheduling Order in this case or by the Texas Rules of Civil Procedure, in the event no Scheduling Order has been signed by the Court.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved in Texas Rules of Civil Procedure 21a.

SINCERELY,

Honorable STACI WILLIAMS
JUDGE, 101ST DISTRICT COURT
DALLAS COUNTY, TEXAS

pc:  ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY; RICHARD D DALY

## CAUSE NO.  DC-15-03600

| | |
|---|---|
| **MARIA WHITE** | **IN THE DISTRICT COURT** |
| **vs.** | **101st JUDICIAL DISTRICT** |
| **ALLSTATE VEHICLE AND** | |
| **PROPERTY INSURANCE COMPANY** | **DALLAS COUNTY, TEXAS** |

### MEDIATION ORDER

This case is appropriate for mediation pursuant to Section 154.001 et seq. of the Texas Civil Practice and Remedies Code. **WILL PRYOR**, at TWO LINCOLN CENTRE      5420 LBJ FREEWAY SUITE 626    DALLAS TX 75240, is appointed mediator in the above case and all counsel are directed to contact mediator to arrange the logistics of mediation within seven (7) days from the date of this Order. Any objection to this Order must be filed and served upon all parties and the mediator, and a hearing must be requested, within fourteen (14) days from the date of this Order; an objection that is neither timely filed, nor ruled upon before the scheduled mediation may be waived.

 Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of the mediator. Mediation is private, confidential and privileged from process and discovery. After mediation, the court will be advised by the mediator, parties, and counsel, only that the case did or did not settle. The mediator shall not be a witness nor may the mediator's records be subpoenaed or used as evidence. No subpoenas, citations, writs, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving or attending any mediation session.

 The mediator will negotiate a reasonable fee with the parties which shall be divided and borne equally by the parties unless agreed otherwise, paid by the parties directly to the mediator, and taxed as costs. If the parties do not agree upon the fee requested by the mediator, the court will set a reasonable fee, which shall be taxed as costs. Each party and their counsel will be bound by the rules for mediation printed on the reverse hereof, and shall complete the information forms as are furnished by the mediator.

 Named parties shall be present during the entire mediation process and each corporate party must be represented by an executive officer with authority to negotiate a settlement. Any mediated settlement involving a minor's interest must be either signed off by the ad litem or submitted to the Court for approval. Counsel, the parties and the mediator shall agree upon a mediation date within 5 days from the date of this order. If no date can be agreed upon within the five (5) day period, then the mediator shall select a date for the mediation and all parties shall appear as directed by the mediator.

 The date scheduled by the mediator is incorporated into this Order as the date upon which the mediation session shall occur. In any event, the mediation shall be conducted no later than **SIXTY (60) DAYS**, before the Trial Setting, which is 02/09/2016.

 Failure or refusal to attend the mediation as scheduled may result in imposition of sanctions, as permitted by law, which may include dismissal or default judgment. Failure to mediate will not be considered cause for continuance of the trial date. Referral to mediation is neither a substitute for, nor a cause for delay of trial, and the case will be tried if not settled.

 The mediator is to mail a report regarding the outcome of the mediation session to the Court, with a copy to the ADR Coordinator, immediately after the mediation session.

 Counsel shall cooperate with the Court and the mediator in the initiation and conduct of the mediation. "Supreme Court of Texas Miscellaneous Docket No. 05-9107, June 13, 2005."

**SIGNED** on  5/5/2015

              _Staci Williams_

          STACI WILLIAMS, Presiding Judge

pc:  WILL PRYOR; ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY; RICHARD D DALY

RULES FOR MEDIATION

**1. Definition of Mediation.** Mediation is a process under which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement or understanding among them. The mediator may suggest ways of resolving the dispute, but may not impose his own judgment on the issues for that of the parties.

**2. Conditions Precedent to Serving a Mediator.** The mediator shall not serve as a mediator in any dispute in which he has any financial or personal interest in the result of the mediation. Prior to accepting an appointment, the mediator shall disclose any circumstances likely to create a presumption of bias or prevent a prompt meeting with the parties.

**3. Authority of Mediator.** The mediator does not have the authority to decide any issue for the parties, but will attempt to facilitate the voluntary resolution of the dispute by the parties. The mediator is authorized to conduct joint and separate meetings with the parties and to offer suggestions to assist the parties achieve settlement. If necessary, the mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice, arrangements for obtaining such advice shall be made by the mediator of the parties, as the mediator shall determine.

**4. Parties Responsible for Negotiating Their Own Settlement.** The parties understand that the mediator will not and cannot impose a settlement in their case. The mediator, as an advocate for settlement, will use every effort to facilitate the negotiations of the parties. The mediator does not warrant or represent that settlement will result from the mediation process.

**5. Authority of Representatives.** Party representatives must have authority to settle and all persons necessary to the decision to settle shall be present. The names and addresses of such persons shall be communicated in writing to all parties and the mediator.

**6. Time and Place of Mediation.** The mediator shall fix the time of each mediation session. The mediation shall be held at the office of mediator, or at any other convenient location agreeable to the mediator and the parties, as the mediator shall determine.

**7. Identification of Matters in Dispute.** Prior to the first scheduled mediation session, each party shall provide the mediator and all attorneys of record with an information sheet and request for mediation on the form provided by the mediator setting forth its position with regard to the issues that need to be resolved. At or before the first session, the parties will be expected to produce all information reasonably required for the mediator to understand the issues presented. The mediator may require any party to supplement such information.

**8. Privacy.** Mediation sessions are private. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

**9. Confidentiality.** Confidential information disclosed to a mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the mediator. All records, reports or other documents received by a mediator while serving in that capacity shall be confidential. The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum except as may be provided in Section 154.073 of the Texas Civil Practice and Remedies Code. Any party that violates this order may be subject to the imposition of sanctions as may be permitted by law. The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial or other proceeding: A) Views expressed or suggestions made by another party with respect to a possible settlement of the dispute; B) Admissions made by another party in the course of the mediation proceedings; C) Proposals made or views expressed by the mediator; or D) The fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

**10. No Stenographic Record.** There shall be no stenographic record of the mediation process and no person shall tape record any portion of the mediation session.

**11. No Service of Process At or Near The Site of The Mediation Session.** No Subpoenas, summons, complaints, citations, writs or other process may be served upon any person at or near the site of any mediation session upon any person entering, attending or leaving the session.

**12. Termination of Mediation.** The mediation shall be terminated: A) By the execution of a settlement agreement by the parties; B) By declaration of the mediator to the effect that further efforts at mediation are no longer worthwhile; or C) After the completion of one full mediation session, by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

**13. Interpretation and Application of Rules.** The mediator shall interpret and apply these rules.

**14. Fees and Expenses.** The mediators daily fee, if agreed upon prior to mediation, shall be paid in advance of each mediation day. The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the mediation, including fees and expenses of the mediator, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the mediator, shall be borne equally by the parties unless they agree otherwise.

**ADDITIONALLY, YOU MAY ACCESS THE COURT'S FILE, BY GOING TO:**
**http://courts.dallascounty.org/default.aspx**

CAUSE No. <u>DC-15-03600</u>

| | |
|---|---|
| MARIA WHITE | IN THE DISTRICT COURT |
| vs. | 101st JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | DALLAS COUNTY, TEXAS |

## UNIFORM SCHEDULING ORDER

In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure, the Court makes the following order to control discovery and the schedule of this cause:

1.      This case will be ready and is set for **NON JURY TRIAL** on **FEBRUARY 09, 2016** at **9:00 AM** ("this Trial Setting"). Reset or continuance of this Trial Setting will not alter any deadlines established by this Order or established by the Texas Rules of Civil Procedure, unless otherwise provided by order.

2.      Unless otherwise ordered, discovery in this case will be controlled by Rule 190.3 (**LEVEL 2**) of the Texas Rules of Civil Procedure. Except by agreement of the party, leave of court, or where expressly authorized by the Texas Rules of Civil Procedure, no party may obtain discovery of information subject to disclosure under Rule 194 by any other form of discovery.

3.      Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions must be filed no later than seven (7) days after the close of the discovery period, or such objection is waived. Any motion to compel responses to discovery (other than relating to factual matters arising after the end of the discovery period) must be filed no later than seven (7) days after the close of the discovery period or such complaint is waived, except for the sanction of exclusion under Rule 193.6.

4.      Any amended pleadings asserting new causes of action or affirmative defenses must be filed no later than thirty (30) days before the end of the discovery period and any other amended pleadings must be filed no later than seven (7) days after the end of the discovery period. Amended pleadings responsive to timely filed pleadings under this Order may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond. Except with leave of court, TRCP 166a motions must be heard no later than thirty (30) days before trial.

5.      No additional parties may be joined more than five (5) months after the commencement of this case except on motion for leave showing good cause. This paragraph does not otherwise alter the requirements of Rule 38. The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party.

6.      The parties shall mediate this case no later than sixty (60) days before this Trial Setting, unless otherwise provided by court order. Mediation will be conducted in accordance with the standing Dallas County Civil District Court order regarding mediation, which is available from the Dallas County ADR Coordinator. All parties shall contact the mediator to arrange the mediation in accordance with this Court's MEDIATION ORDER. **PRYOR, WILL** is hereby appointed mediator. The parties must advise both the court and the aforementioned mediator in writing of any agreed mediator within fourteen (14) days from the date this Order.

Any mediator substitution requested beyond such time may only be made by motion for submission to the court for good cause and under extraordinary circumstances. Unless otherwise ordered by the court, the parties shall select a mediator by agreement; if the parties are unable to agree on a mediator, they shall advise the court within fourteen (14) days of the date of this order; the court will appoint a mediator.

7. Fourteen (14) days before this Trial Setting, the parties shall exchange a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery; over-designation is strongly discouraged and may be sanctioned. Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation. Rule 193.7 applies to this designation. On or before ten (10) days before this Trial Setting, the attorneys in charge for all parties shall meet in person to confer on stipulations regarding the materials to be submitted to the Court under this paragraph and attempt to maximize agreement on such matters. By 4:00 p.m. on the Thursday before this Trial Setting, the parties shall file with the Court the materials stated in Rule 166(e)-(l), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine. Failure to file such materials may result in dismissal for want of prosecution or other appropriate sanction.

8. All Daubert challenges, all witness challenges, and all dispositive motions, including Motions for Summary Judgment, shall be set and heard at least 30 days prior to this trial setting or they are waived.

Plaintiff/Plaintiff's counsel shall serve a copy of this Order on any currently named defendant(s) answering after this date.

**SIGNED** on  5/5/2015 .

_____

Honorable STACI WILLIAMS, Presiding Judge

pc:     WILL PRYOR; ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY; RICHARD D DALY

**ADDITIONALLY, YOU MAY ACCESS THE COURT'S FILE, BY GOING TO:**
**http://courts.dallascounty.org/default.aspx**

FILED
DALLAS COUNTY
5/7/2015 11:44:27 AM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. DC-15-03600

| | | |
|---|---|---|
| MARIA WHITE, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | 101st JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Allstate Vehicle and Property Insurance Company and files this Original Answer to Plaintiff's Original Petition, and would respectfully show unto the Court the following:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### JURY DEMAND

Defendant hereby makes a demand for a trial by jury and tenders the appropriate fee.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company prays that upon final trial and hearing hereof, Plaintiff recovers nothing from

---

EXHIBIT
B-9

Defendant, but Defendant go hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

/s/ Roger D. Higgins
Roger D. Higgins
State Bar No. 09601500
Mark J. Jung
State Bar No. 24012934
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Telecopy:   (214) 871-8209
Email: rhiggins@thompsoncoe.com
       mjung@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by electronic notice and/or facsimile to the following counsel on May 7, 2015:

Richard D. Daly
John Scott Black
Ana M. Ene
William X. King
DALY & BLACK, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098
Facsimile: (713) 655-1587

/s/ Roger D. Higgins
Roger D. Higgins